UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHANIE CLARK,

        Plaintiff,

  v.

        Case No. 20-cv-1363-pp

ANDREW M. SAUL,

        Defendant.

## ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 6)

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3. The court issued an order directing the plaintiff to file an amended motion for leave to proceed without prepaying the filing fee, dkt. no. 5, and the plaintiff filed her amended motion, dkt. no. 6.

      To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff indicates that she is not employed, she is not married, and she has no defendants she is

1

responsible for supporting. Dkt. No. 6 at 1. The plaintiff has no monthly income other than $100 per month from her parents (mom), id. at 2, and she lists only $100 per month in other household expenses, id. at 2-3. The plaintiff does not own a car, her home, or any other property of value, and she has no cash on hand or in a checking or savings account. Id. at 3-4. Under the other circumstances section of her amended complaint, the plaintiff says, "[l]iving with parents who pay for almost all expenses of daily living." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she is seeking review of the final administrative decision dismissing her appeal before the Appeals Council. Dkt. No. 1 at 1. The plaintiff alleges that the action of the Appeals Council is unsupported by substantial evidence. Id. at 2. The plaintiff also states that her appeal was due on August 8, 2020 and that on August 7, 2020 she requested

2

an extension of the filing deadline, asserting good cause. Id. at 1-2. The plaintiff does not indicate with whom the request for extension was filed or whether the extension was granted. At this early stage in the case, based on the information in the plaintiff's complaint, and assuming the complaint was timely filed, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's amended motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 15th day of September, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**